4

Case 4:19-cv-04647 Document 1-5 Filed on 11/26/19 in TXSD Page 2 of 17

10/23/2019 1:17 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37894613
By: Nelson Cuero
Filed: 10/23/2019 1:17 PM

CAUSE NO. _____

| | | |
|---|---|---|
| AMATO RESTAURANT, LLC d/b/a<br>J HENRY'S DRAUGHT HOUSE AND<br>KITCHEN<br><br>*Plaintiff,*<br><br>v.<br><br>CONTINENTAL WESTERN<br>INSURANCE COMPANY AND RETHA<br>WELCH<br><br>*Defendants.* | § § § § § § § § § § § § § § § § | IN THE DISTRICT COURT OF<br><br><br><br><br><br>HARRIS COUNTY, TEXAS<br><br><br><br>_____ JUDICIAL DISTRICT |

# PLAINTIFF'S ORIGINAL PETITION

COMES NOW Plaintiff Amato Restaurant, LLC d/b/a J Henry's Draught House and Kitchen and files this, *Plaintiff's Original Petition* against Defendants, Continental Western Insurance Company and Retha Welch, and for cause of action, would respectfully show:

## I. DISCOVERY CONTROL PLAN

1. Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the TEXAS RULES OF CIVIL PROCEDURE. This case involves a Commercial Lines Policy first party insurance dispute concerning damages caused by Hurricane Harvey. This dispute involves complex legal issues originating from the TEXAS INSURANCE CODE, common law, and recent Texas case law. It will require extensive and detailed discovery regarding claims-handling practices, coverage decisions, adjustment/payment of claims, including Plaintiff's claim, as well as the systematic approach by Continental Western Insurance Company and its adjusters to the handling of catastrophic loss property damage claims arising from Hurricane Harvey. Plaintiff therefore respectfully asks the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

## II. PARTIES

2.      Plaintiff, Amato Restaurant, LLC d/b/a J Henry's Draught House and Kitchen (hereinafter, "J Henry's Draught House"), is a Texas Limited Liability Company doing business as a restaurant located at 1105 Clear Lake City Blvd., Houston, Harris County, Texas 77062.

3.      Defendant, Continental Western Insurance Company ("Continental Western"), is a Foreign insurance company authorized to engage in the business of insurance in the State of Texas. Continental Western may be served with process through its agent of service, C T Corporation System, via certified mail, return receipt requested, at 1999 Bryan St. STE 900, Dallas, TX 75201.

4.      Defendant, Retha Welch, is an individual licensed adjuster, who has done business in the State of Texas. Ms. Welch may be served with process by certified mail, return receipt requested, at her principle place of business located at: 811 Ramblewood Dr. Lewisville, TX 75067.

## III. JURISDICTION AND VENUE

5.      This Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Pursuant to Rule 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff states it seeks monetary relief in excess of $100,000.00 and less than $200,000.00. Plaintiff reserves the right to amend this statement during and/or after the discovery process.

6.      This Court has personal jurisdiction over Continental Western because Continental Western is an insurance company authorized and engaged in the business of insurance in Texas and Plaintiff's causes of action arise out of Continental Western's business activities in this State.

7.      This Court has personal jurisdiction over Retha Welch because Ms. Welch engages in the business of adjusting insurance claims in the State of Texas and Plaintiff's causes of action arise out of her business activities in this State.

Certified Document Number: 87751185 - Page 2 of 15

8.      Venue is proper in Harris County because the insured business personal property is located in Harris County and all or a substantial part of the events giving rise to this lawsuit occurred in Harris County. TEX. CIV. PRAC. & REM. CODE § 15.032.

## IV.  FACTS

9.      Plaintiff owns and operates the business, J Henry's Draught House and Kitchen, which is located at 1105 Clear Lake City Blvd. Houston, Texas (the "Property"). Continental Western sold, and Plaintiff paid for, a Texas Commercial Lines Policy (Policy No.: CPA 4686290-13) to protect and insure Plaintiff's Restaurant, business personal property, business income and other items applicable to the Property.

10.     From August 25th through September 1, 2017, Hurricane Harvey swept across the Texas coastal region, causing widespread destruction and devastation. During this time, Hurricane Harvey's massive wind field caused massive wind and related damage in and around Harris County, and to Plaintiff's Property specifically.

11.     Plaintiff's Property suffered extensive wind and wind-related damage during Hurricane Harvey. Specifically, the Hurricane damaged the exterior of the property. The severe and widespread wind damage allowed water to penetrate into the Property's interior and led to significant interior water damage to both the structure, fixtures, appliances, improvements and other business personal property.

12.     Following Hurricane Harvey, Plaintiff promptly and timely reported its claim (10108800) under the Policy and asked Continental Western to cover the cost of repairs required to return the Property to its pre-loss condition, including, but not limited to, repair of the interior water damage to the structure, fixtures, appliances, improvements and other business personal property, as well as for loss of business income.

13. Plaintiff is entitled to these benefits under the Continental Western Policy as it specifically covered Plaintiff's Business Personal Property for wind and wind-related damage, and specifically, hurricane damage. All of the damage to the Business Personal Property was covered under the express terms of the Policy.

14. Continental Western assigned Retha Welch to adjust the Claim.

15. Ms. Welch, however, because of inadequate training or improper instruction, failed to perform a reasonable and adequate investigation of Plaintiff's Claim. In doing so, Ms. Welch either completely missed or simply ignored damages that were present at the time of her inspection and were clearly attributable to Hurricane Harvey's powerful winds.

16. The inadequacy of Ms. Welch's investigation and of Defendants' adjustment of Plaintiff's Claim is evidenced by the fact she neither accounted for, nor included repairs necessitated by, the wind-caused roof damage to the structure, which lead to interior water damage throughout the property and Plaintiff's Business Personal Property losses. Harvey's winds also caused damage to exterior business personal property. Evidence of wind damage is readily apparent from even a casual view. The massive amount of wind-caused roof damage allowed water to penetrate the Property's envelope in multiple locations and resulted directly in the substantial interior water damage to Plaintiff's Restaurant, which damage Ms. Welch also failed to document properly or account for adequately as covered property losses.

17. Although Plaintiff notified, and later, reminded Continental Western numerous times of the significant widespread roof damage that caused major leaks and allowed water to penetrate throughout the interior of the Property, Ms. Welch failed to fully and adequately inspect the damaged areas of Plaintiff's property, including the roof, among other items and areas. Ms. Welch's failure to acknowledge or even note the full extent of the wind-caused damage to the Property resulted in an improper denial of Plaintiff's claim for covered loss.

18. As an illustration—and certainly not intended as a complete listing of all the errors and omissions in the investigation and adjustment—the following are just some of the unfair and unreasonable low points from the Estimate:

- The Adjusters—including but not limited to Welch—misreported or misrepresented the cause of loss to the Covered Property in effort to improperly minimize Continental's responsibility for paying to repair and/or replace such Business Personal Property as covered under the Policy.
- The Adjusters—including but not limited to Welch—misrepresented the cause of damage with a conclusory, and unsubstantiated, pronouncement that the cause of loss was the accumulation of Hurricane rains on the roof, which led to ponding of water which, in turn, became too heavy, permitting water to seep through allegedly pre-existing fractures, gaps, seams, vents and patches, which then caused all of the damage to the restaurant and the insured's business personal property.
- The Adjusters—including but not limited to Welch—attempted to shift responsibility for the loss in a number of ways, one of which was to allege that prior patchwork repairs to the roofing system allowed water to enter the restaurant, despite the fact that this manner of repair has been utilized and recommended by Continental Western in remedying prior roof claims.
- Tellingly, the Adjusters—including but not limited to Welch—undermine their fabricated cause of loss by making the contradictory claim that certain water damage to the freezer ceiling were caused by a separate, pre-existing (this time "long term") water leak.

19. Plaintiff contends that, upon information and belief, Continental Western and Ms. Welch set out and overtly sought to under-scope, underpay, and ultimately minimize Plaintiff's Claim for covered damages. At minimum, Continental Western ratified Ms. Welch's unreasonable and improper "investigation" of the Claim, resulting in Plaintiff's Claim being improperly and denied without a reasonable investigation having been conducted. Plaintiff has suffered actual damages resulting from Continental Western's and Ms. Welch's wrongful acts and omissions as set forth above and further described herein.

20. In short, Plaintiff has yet to receive the full amount of payment to which it is entitled under the Policy because the Claim was improperly investigated and unreasonably adjusted.

Page 5 of 14

V. <u>CAUSES OF ACTION</u>

BREACH OF CONTRACT AGAINST CONTINENTAL WESTERN

21. An insurance policy is a contract under Texas law. Continental Western failed to perform its contractual duties to adequately compensate Plaintiff in accordance to the terms of the Policy that it wrote and sold to Plaintiff. Specifically, Continental Western refused to pay the full proceeds of the Policy owed, although due demand was made for proceeds to be paid in the amount of benefits owed under the Policy, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Continental Western's conduct constitutes a breach of the insurance contract between Continental Western and Plaintiff.

NON-COMPLIANCE BY CONTINENTAL WESTERN WITH
THE TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES

22. Continental Western's conduct constitutes multiple violations of the TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES. TEX. INS. CODE §541.060(a). All violations under this provision are made actionable by TEX. INS. CODE §541.151.

23. Falsehoods and misrepresentations under Texas law may be communicated by actions as well as spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Continental Western's misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating—by way of the estimate—the Plaintiff's damages were less extensive or severe than they actually were, resulting in the undervaluing of Plaintiff's damages; (3) using the adjuster's statements and conclusions about the scope and degree of the damage as a pretext for effectively denying covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate payment(s) Plaintiff in fact received.

24. Continental Western's unfair settlement practice, as described above, of misrepresenting—by words and acts/omissions—to Plaintiff material facts relating to the coverage

at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(1).

25. Continental Western's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though its liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

26. Continental Western failed to explain to Plaintiff the reasons for its decision not to include all Plaintiff's covered damages in its adjustment and/or payment(s) on the Claim. Furthermore, Continental Western did not communicate that future settlements or payments would be forthcoming to pay for the entire amount of Plaintiff's loss, nor did it provide any explanation for its refusal to adequately settle Plaintiff's Claim. Continental Western's conduct is a violation of the TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES. TEX. INS. CODE §541.060(a)(3).

27. Although promptly reported by Plaintiff to Continental Western, Continental Western did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiff's damages, both exterior and interior. Continental Western's unfair settlement practice, as described above, of refusing to pay Plaintiff's full Claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(7).

### NON-COMPLIANCE BY CONTINENTAL WESTERN WITH THE TEXAS INSURANCE CODE, PROMPT PAYMENT OF CLAIMS ACT

28. Continental Western's conduct constitutes multiple violations of the TEXAS INSURANCE CODE, PROMPT PAYMENT OF CLAIMS ACT. All violations made under this provision are made actionable by TEX. INS. CODE §542.060.

29. Continental Western's failure—and thus continuing delay—to remit full payment of the amounts owed on Plaintiff's Claim following its receipt of all items, statements, and forms reasonably requested and required, as described above, constitutes a non-prompt payment of the Claim. TEX. INS. CODE §542.058.

### BREACH, BY CONTINENTAL WESTERN, OF ITS DUTY OF GOOD FAITH AND FAIR DEALING

30. Continental Western's conduct constitutes a breach of the common law duty of good faith and fair dealing that Continental Western, as an insurer in the state of Texas, owes to its insureds on account of the disparity in bargaining power between an insurance company and its individual insureds with respect not only to the drafting of the contract of insurance itself, but also with respect to the handling and payment of insured claims.

31. Continental Western's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's Claim, despite the fact that at the very same time, Continental Western knew, or should have known by the exercise of reasonable diligence, that its liability was reasonably clear, constitutes a breach of Continental Western's duty of good faith and fair dealing to Plaintiff, which is both non-delegable and continues to exist until the relationship between the parties is ultimately changed to that of judgement debtor and judgement creditor, respectively.

## NON-COMPLIANCE BY RETHA WELCH WITH THE
## TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES

32. Ms. Welch's conduct constitutes multiple violations of the TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

33. Ms. Welch is individually liable for her unfair and deceptive acts because she is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Continental Western's plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the TEXAS INSURANCE CODE and subjecting him or her to individual liability)).

34. Ms. Welch's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

35. Ms. Welch's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

36. The unfair settlement practice of Ms. Welch, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's Claim,

Certified Document Number: 87751185 - Page 9 of 15

constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

37. Ms. Welch's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the Claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

38. Ms. Welch's unfair settlement practice, as described above, of refusing to pay Plaintiff's Claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

## VI. KNOWLEDGE

39. All of the acts described above, together and singularly, were committed "knowingly" as that term is used in the TEXAS INSURANCE CODE and were a producing cause of Plaintiff's damages described herein.

## VII. CONDITIONS PRECEDENT

40. All conditions precedent to Plaintiff's claims for relief have been performed or have occurred and/or Continental Western waived the same. This includes, but is not limited to, providing notice pursuant to TEX. INS. CODE §542A.003 and pre-litigation alternative dispute resolution, if any. Plaintiff pleads, would show, and does aver that—to the extent any Defendant or Defendants might allege that Plaintiff's presuit Notice fails, was invalid, or failed to conform strictly with the timeline required by §542A.003(a)—Plaintiff's presuit notice and the filing of this lawsuit fall within the savings clause of §542A.003(d)(1)

## VIII. DAMAGES

41. Plaintiff would show that all the acts as alleged herein, taken together or singularly, constitute the producing cause of the damages sustained by Plaintiff.

42. As previously mentioned, Plaintiff's covered losses have not been properly addressed or paid, which has prevented Plaintiff from making necessary repairs, thus causing further, consequential damage, to Plaintiff while also causing undue hardship and a burden on Plaintiff. These damages and losses are a direct result of Defendants' mishandling of Plaintiff's Claim in violation of the terms of the Policy at issue and of the laws set forth above.

43. For breach of contract, Plaintiff is entitled to regain the benefit of its bargain with respect to their purchase of the Policy, which is the amount of its Claim, together with attorneys' fees under TEXAS CIVIL PRACTICE & REMEDIES CODE Section 38.001.

44. For violations of the TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, diminution of value, loss of income, court costs, interest, and attorneys' fees. For knowing conduct of the acts and conduct described and complained of above, Plaintiff is entitled to, and does hereby seek, recovery of three times its actual damages. TEX. INS. CODE §541.152.

45. For violations of the TEXAS INSURANCE CODE, PROMPT PAYMENT OF CLAIMS ACT, Plaintiff is entitled to interest on the amount of the Claim as damages at the applicable rate as determined under TEX. INS. CODE §542.060(a), §542.060(c), and TEX. FIN. CODE §304.003, together with reasonable and necessary attorneys' fees, which shall be taxed as part of the costs in the case.

46. For Continental Western's breach of its common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from

Continental Western's breach of its Duty, such as additional costs, economic hardship, additional losses resulting from nonpayment of the amount owed, exemplary damages, and damages for diminution in value, increased cost of credit and all other consequential losses.

47.     For the prosecution and collection of this Claim, Plaintiff has been compelled to engage the services of the attorneys and law firms whose names are subscribed to this pleading. Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Texas Supreme Court.

## IX.  JURY DEMAND

48.     Plaintiff requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Harris County, Texas.

## X.  DISCOVERY REQUESTS TO ALL DEFENDANTS

### REQUEST FOR DISCLOSURES

49.     Pursuant to Rule 194.2 of the TEXAS RULES OF CIVIL PROCEDURE, Defendants are required to disclose, within 50 days of receipt of service, the information or material described in TEXAS RULE OF CIVIL PROCEDURE 194.2.

### REQUEST FOR PRODUCTION

50.     Plaintiff's First Request for Production to Defendant Continental Western is attached hereto as "Exhibit A". Defendant Continental Western is required to provide, within 50 days of service of same, its written responses to these Requests, as well as copies of all documents or information responsive to same, to Plaintiff via counsel, whose names are subscribed to this pleading.

### REQUEST FOR ADMISSION

51.     Plaintiff's First Request for Admission to Defendant Continental Western is attached hereto as "Exhibit B". Defendant Continental Western is required to provide, within 50 days of service, its Responses to these Requests to Plaintiff via counsel, whose names are subscribed to this pleading.

### INTERROGATORIES

52.     Plaintiff J Henry's Draught House and Kitchen's First Set of Interrogatories to Defendant Continental Western is attached hereto as Exhibit "C-1". Defendant Continental Western is required to provide, within 50 days of service of same, its verified responses to these Interrogatories to Plaintiff via counsel, whose names are subscribed to this pleading.

53.     Plaintiff J Henry's Draught House and Kitchen's First Set of Interrogatories to Defendant Retha Welch is attached hereto as Exhibit "C-2". Defendant Welch is required to provide, within 50 days of service of same, his verified responses to these Interrogatories to Plaintiff via counsel, whose names are subscribed to this pleading.

### DESIGNATED E-SERVICE EMAIL ADDRESS

The following is the undersigned attorney's designation of electronic service email address for all electronically served documents and notices, filed and unfiled, pursuant to TEX. R. CIV. P. 21(f)(2) & 21(a). (efile@texinsurancelaw.com). This is the undersigned's **ONLY** electronic service email address, and service through any other email address will be considered invalid.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff has and will recover such sums as would reasonably and justly compensate it in accordance with the rules of law and procedure, as to actual damages, treble damages under the

TEXAS INSURANCE CODE, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorneys' fees for the trial and any appeal of this cause, for all costs of Court on their behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for all such other and further relief, whether by law or at equity, to which it may show itself to be justly entitled.

                Respectfully submitted,
                THE COOK LAW FIRM, PLLC

**BY:** */s/ Andrew C. Cook*
       Andrew C. Cook
       State Bar No. 24057481
       7324 Southwest Freeway, Suite 585
       Houston, Texas  77074
       Tel. (713) 401-2890
       Fax: (682) 200-2849
       efile@texinsurancelaw.com

**AND:**

       Sean H. McCarthy
       State Bar No. 24065706
       WILLIAMS HART BOUNDAS EASTERBY, LLP
       8441 Gulf Freeway, Suite 600
       Houston, Texas  77017
       Tel. (713) 230-2200
       Fax (713) 643-6226
       smccarthy@whlaw.com

**<u>ATTORNEYS FOR PLAINTIFF</u>**

# **DESIGNATED E-SERVICE EMAIL ADDRESS**

The following is the undersigned attorney's designation of electronic service email address for all electronically served documents and notices, filed and unfiled, pursuant to Tex.R.Civ.P. 21(f)(2) & 21(a). (efile@texinsurancelaw.com). This is the undersigned's **ONLY** electronic service email address, and service through any other email address will be considered invalid.



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   November 25, 2019

Certified Document Number:        87751185 Total Pages:  15

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**